**FILED**

AUG 27 2008

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATHERINE SEABROOKS
11766 Barrows Lane
Woodbridge, VA 22192

    Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATIONS
J. Edgar Hoover Building
935 Pennsylvania Avenue, NW
Washington, D.C. 20535-0001

and

MICHAEL B. MUKASEY, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

SERVE:

  Civil-Process Clerk
  U.S. Department of Justice
  950 Pennsylvania Avenue, N.W.
  Washington, D.C. 20530

ALSO SERVE:

  JEFFREY A. TAYLOR, US Atty. For the
  District of Columbia
  United States Attorney's Office
  555 4th Street, NW
  Washington, DC 20530

    Defendants.

Case: 1:08-cv-01490
Assigned To : Leon, Richard J.
Assign. Date : 8/27/2008
Description: Employ. Discrim.

Civil Action No. _____

*JURY ACTION*

## COMPLAINT

The Plaintiff, Catherine Seabrooks, by and through undersigned counsel, files this civil complaint to recover damages against the Defendants Michael B. Mukasey,

Attorney General, U.S. Department of Justice, and the Federal Bureau of Investigations (hereinafter "FBI") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended by the 1991 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII"):

## JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*;

2. Venue is proper in this district pursuant to the general venue statute, 28 U.S.C. §1391.

3. The amount in controversy herein exceeds $75,000.00 exclusive of costs and interest (28 U.S.C. § 1332).

4. This action properly lies in the District Court for the District of Columbia because this judicial district has personal jurisdiction over Defendants. This action is also in accordance with 28 U.S.C. § 1331.

5. These claims arise out of acts undertaken and injuries suffered in this federal district.

## PARTIES

6. Catherine Seabrooks is African-American, female, employed with the FBI and a resident of Woodbridge, Virginia

7. Defendant Michael B. Mukasey, is the Attorney General for the United States Department of Justice, a government agency headquartered in this judicial district, which is subject to the provisions of Title VII.

8. The Defendant the FBI, a government agency headquartered in this judicial district, which is an employer within the meaning of 42 U.S.C. § 2000e.

## ADMINISTRATIVE PROCEDURES

9. Plaintiff timely filed formal charges of discrimination against the Defendants with its Equal Employment Opportunity office (EEO) on December 13, 2006, in accordance with EEOC Regulation 29 C.F.R. § 1616.106.

10. Plaintiff has since elected to withdraw her discrimination complaint and pursue a remedy through this civil action.

11. Plaintiff therefore has satisfied all administrative and judicial prerequisites to institute this action.

## FACTUAL ALLEGATIONS

12. Plaintiff Catherine Seabrooks is an African American Female, who has been employed by the FBI for more than thirty-one (31) years.

13. Plaintiff holds a Bachelor's Degree in the field of Computer Information Systems, and is duly certified in the area of CompTIA A+ and Network+ Certified Professionals, HTCI Certified High Technology Crime Investigator Specializing in Linux and Network Computer and Internet Investigation, and various other computer classes in computer software and hardware, computer forensic and network administration.

14. Plaintiff is employed by the FBI as an IT Specialist (Systems Analysis), GS-13.

15. In April 2004, Plaintiff was assigned to the Forensic Audio, Video and Image Analysis Unit (hereinafter "FAVIAU") as network administrator.

16. On September 15, 2006, Plaintiff received her performance appraisal, dated September 12, 2006 from Unit Chief Steven L. Lanser.

17. This performance appraisal reflected a summary rating of Minimally Successful by Chief Lanser.

18. Previously in July 2006, Chief Lanser prepared a performance rating for Plaintiff that rated her as Unacceptable.

19. However, on September 11, 2006, Chief Lanser e-mailed Plaintiff a copy of the "Unacceptable Appraisal" that appeared intended for Program Manager Larry Sellers, who was not in the Plaintiff's chain of command and who would have had no legitimate reason for reviewing or otherwise commenting upon Plaintiff's performance appraisal.

20. The appraisal by Chief Lanser improperly and falsely demonstrated Plaintiff's work performance.

21. Chief Lanser in Plaintiff's 2006 appraisal accuses Plaintiff of having been responsible for making an unfounded allegation that she was the victim of sex and race discrimination.

22. In March 2006, Chief Lanser called Plaintiff to his office to express his concerns about an e-mail that the Plaintiff had sent to him and EAP Counselor Dr. Judy Stone regarding special treatment of white females in the FAVIAU that resulted in raises, awards and/or promotion.

23. Chief Lanser told Plaintiff that the complaint was being made throughout the division and that he did not know who at first had made the complaint to EAP and EEO earlier in 2005 about favoritism, and special projects for white females, but he now knew it was the Plaintiff.

24. Chief Lanser told Plaintiff that due to her complaint with the allegations, he was mandated to do diversity training and he wanted the Plaintiff to send or call EAP and EEO to retract the e-mail or clarify that the e-mail was a mistake, or he would call on the Plaintiff's behalf.

25. Then, Plaintiff asked Chief Lanser if he was ordering her to make the call and retract her e-mail.

26. Ultimately, based on the conversation between Plaintiff and Chief Lanser, Plaintiff received an improper and discriminate based 2006 performance appraisal.

27. On September 29, 2006, Plaintiff filed a grievance to rebut her 2006 performance appraisal.

28. On October 2, 2006, Plaintiff met with Chief Lanser and ASC/DEL Director Michael D. Gilmore who presented Plaintiff with a letter from Human Resources Services regarding their denial of Plaintiff's within grade increase (WIGI).

29. Plaintiff spoke to Human Resources when she received her improper 2006 appraisal report to inquire into the rules, guidelines and grievance for the new Performance Appraisal Report (PAR) system.

30. Human Resources was familiar with Plaintiff's case against Chief Lanser and the Plaintiff had told them that she felt it was Chief Lanser's intention to give Plaintiff an unacceptable level on her 2006 PAR, and to stop Plaintiff's October 10, 2006 WIGI and seek Plaintiff's dismissal.

31. Chief Lanser intentionally withheld Plaintiff's 2006 PAR in July or August 2006 when others in the Unit received their PAR, despite Plaintiff's repreated inquiries about her PAR to Chief Lanser, in order to prevent Plaintiff from receiving her WIGI.

32. If Chief Lanser had released Plaintiff's 2006 PAR in July, Plaintiff would have been still eligible for her WIGI in October.

33. On October 18, 2006, Plaintiff, after having to request her Performance Improvement Plan (PIP) from Chief Lanser, received her PIP for the 2006 PAR.

34. However, Plaintiff's PIP addressed issues and concerns not identified or mentioned in the Plaintiff's 2006 PAR. Plaintiff informed Chief Lanser that the PIP was drafted outside of policy.

35. Chief Lanser told Plaintiff that the PIP was acceptable and would cover the timeframe of September 15, 2006 through December 15, 2006.

36. Plaintiff told Chief Lanser that she was concerned with the PIP because Human Resources had not provided any input or given their approval.

37. Chief Lanser assured Plaintiff that if she completes the tasks identified on the PIP successfully that there would be no problems with Human Resources, and that he could rate the Plaintiff at any time.

38. During a meeting on September 15, 2006, Chief Lanser told reviewing official ASC/DEL Director Gilmore that he never addressed or had a meeting with Plaintiff about the issues of performance.

39. In December 2004, Chief Lanser canceled Plaintiff's use or loose leave the evening before Plaintiff was to be on leave.

40. Additionally in December 2004, Chief Lanser postponed Plaintiff's extended leave.

41. Since May 2004, Plaintiff has provided access and appointed ET Robert Butcher as her backup person.

42. In December 2005, Plaintiff added ET William Hinton as backup.

43. Chief Lanser was aware and approved of ET Butcher as Plaintiff's backup in May 2004.

44. In December 2005, Chief Lanser was aware and approved of ET Hinton as an additional backup person for Plaintiff.

45. Chief Lanser approved of GETA Training for ET Butcher so that he could be a backup person for Plaintiff.

46. Chief Lanser treats white males and white females differently than African American Females and other minorities when it comes to approval and denial of leave.

47. Chief Lanser also treats white males and white females differently than African American Females and other minorities, allowing them opportunities that African American Females and other minorities are not provided.

48. Chief Lanser never denied or canceled any white males or females leave in the Unit regardless of issues or coverage.

49. Chief Lanser approved a white male employee to go on vacation for two weeks, despite the fact he was requested to testify in Court during the period of his vacation.

50. Chief Lanser treats white males and females differently than African American Females and other minorities when it comes to work performance and discipline.

51. Chief Lanser allowed a white male employee to continue employment without disciplinary action or a lower performance appraisal, even though that employee had one of the worst case back logs in the unit; despite the fact the employee was at the max of his grade series.

52. Regarding that same white male employee, Chief Lanser created a supervisory position for him and promoted him to a GS-14.

53. In 2004 and 2005, Plaintiff's supervisor, Pete Smith, discussed with Chief Lanser on several occasions upgrading Plaintiff's position, IT Specialist Analysis GS-13, to reflect Network Administrator GS-14 or a similar position that he felt Plaintiff deserved based on performance and duties.

54. Chief Lanser provided numerous excuses, none being Plaintiff's performance ability, and he never upgraded the Plaintiff's position.

55. Plaintiff asked Chief Lanser to post another IT position because she was over tasked; however, Chief Lanser provided an excuse and failed to post another IT position.

56. One of Chief Lanser's excuses he told Plaintiff was that he could not covert an ET or EE position to an IT position, and that the IT positions only went up to GS-13.

57. Plaintiff and Mr. Smith had provided Chief Lanser several IT positions that not only went up to GS-14 but also to GS-15.

58. Chief Lanser created a GS-14 Electronic Technician Supervisory position for a white male employee, whose position only went to GS-13 grade level.

59. Chief Lanser assigned to that same white male employee a black female employee to assist him with getting rid of his back log.

60. To this date, the same white male employee has the same performance issues with his back log. Additionally, the white male employee continues to act unprofessional and fails to follow FBI's policies.

61. Chief Lanser still failed to take any disciplinary action against that white male employee or address his performance in his PAR.

62. Chief Lanser created a GS-15 PT Supervisor position for a white male employee whose position series only went to a GS-1 PT.

63. Chief Lanser created a GS-15 Audio Examiner position for a white male Audio Examiner, whose series only went to a GS-14 position.

64. Plaintiff was forced by Chief Lanser to submit computer help surveys to co-workers and forced to explain why she was providing co-workers surveys, even though it was not required in the past, nor was it required of others similarly situated.

65. Chief Lanser required Plaintiff to submit computer held surveys as part of her PIP.

66. Plaintiff was constantly questioned by others about why she had to provide surveys, resulting in her being humiliated and embarrassed by Chief Lanser's actions.

67. Plaintiff was required to submit to all the program managers, a leave schedule for the year and point of contact numbers, despite the fact this was not required of others.

68. Program Managers joked about Plaintiff being special because Plaintiff had to submit a leave schedule when others did not have to.

69. To this date, Plaintiff has not observed any other non-minority employee put through the same actions as directed by Chief Lanser to the Plaintiff.

## COUNT ONE
### DISPARATE TREATMENT BASED ON RACE AND SEX IN VIOLATION OF TITLE VII

70.   Plaintiff realleges and reaffirms the allegations of Paragraphs 1 through 69, and incorporates them by reference herein.

71.   Plaintiff is a member of two protected classes, Race (African-American or Black) and Sex (Female).

72.   Plaintiff is qualified for the position she holds with the Defendants.

73.   Plaintiff suffered adverse employment impact, despite the Plaintiff's qualifications.

74.   Plaintiff was treated differently from other similarly-situated not in her protected classes.

75.   As a direct result of Defendants' discriminatory practices, Plaintiff has sustained economic and non-economic damages.

## COUNT TWO
### HOSTILE WORK ENVIRONMENT BASED ON RACE AND SEX IN VIOLATION OF TITLE VII

76.   Plaintiff realleges, reaffirms, and incorporates by reference all previous paragraphs.

77.   The harassment Plaintiff experienced was unwelcome.

78.   Plaintiff was harassed based on her race (African-American or Black) and sex (Female).

11

79. The harassment that the Plaintiff suffered was so severe and/or pervasive that it altered the conditions of employment and created an abusive atmosphere for the Plaintiff.

80. There is some basis for imposing liability on the Defendants.

81. As a direct result of Defendants' discriminatory practices, Plaintiff has sustained economic and non-economic damages.

## COUNT THREE
### RETALIATION IN VIOLATION OF TITLE VII

82. Plaintiff realleges, reaffirms, and incorporates by reference all previous paragraphs.

83. Plaintiff was engaged in protected activity.

84. Defendants took adverse employment action against Plaintiff.

85. There was a causal connection between the protected activity and the adverse action.

86. As a direct result of Defendants' discriminatory practices, Plaintiff has sustained economic and non-economic damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in her favor and against the Defendants, and to provide the following relief:

(a) That a declaratory judgment be entered finding Defendants' acts and employment practices unlawful, and that Defendants be enjoined from engaging in such unlawful acts and practices;

(b) Defendants pay Plaintiff a sum in excess of $300,000.00 for compensatory damages, backpay, interests, emotional distress;

(c) That punitive damages be awarded to Plaintiff, plus all available interest under District of Columbia law;

(d) Defendants pay Plaintiff's costs and expenses and reasonable attorney's fees as provided in Title VII in connection with this action;

(e) That this Court grant such other legal and equitable relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiffs demand a trial by jury on all the issues in this action that are triable by law.

CATHERINE SEABROOKS

By Counsel

Brown, Brown & Brown, P.C.

By: _____
Christopher E. Brown VSB#398852
6269 Franconia Road
Alexandria, VA 22310
(703) 924-0223
FAX (703) 924-1586
brownfirm@lawyer.com

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
CATHERINE SEABROOKS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88858
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
FEDERAL BUREAU OF INVESTIGATION ETAL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Christopher Brown
Brown Brown & Brown, PC  (703) 924 0223
6269 Franconia Rd. Alexandria VA 22310

Case: 1:08-cv-01490
Assigned To : Leon, Richard J.
Assign. Date : 8/27/2008
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

/3/

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 2000e

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** 300,000   Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO   If yes, please complete related case form.

DATE 8/27/08   SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

:\forms\js-44.wpd

RECEIVED

AUG 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT